Please be seated. The court will call the first case. All right, good morning everyone. Welcome to the Illinois Appellate Court, First Division. We ask that the lawyers who are going to argue the case on our docket today please step up, introduce themselves, and tell us who you represent. Good morning, Your Honor. Sean O'Toole, Office of the State Appellate Defender, on behalf of Appellant Terry Hood. Good morning. Margaret Gallagher Bustick, on behalf of the people of the state of Illinois. All right, thank you, Counsel. Under the Supreme Court rules, each side has 20 minutes for their main argument and the appellant has 10 minutes for rebuttal. We may change that if there are a lot of questions or if the argument becomes repetitive. Please remember to speak loudly. Our microphones do not amplify, but I'm merely recording what's being said. For the website, please understand we have read the briefs and are familiar with the facts of the case, so devote your time to the strongest arguments. Before we begin, we note that we did receive the state's motion to reconsider with respect to the additional authority. The court will take that under advisement. If the State Appellate Defender wishes to file any kind of response to that, it doesn't appear one is strictly necessary, but if you do, try to get it here before the end of the week. All right. Thank you. Mr. O'Toole, you may go ahead. May it please the Court. I raise two issues in Mr. Hood's brief on appeal, and I wish to focus the discussion on Issue 1 regarding the rights of confrontation. In this case, the State introduced a Terry Hood's jury trial at video deposition from the victim and the only eyewitness to the case, at which Hood was not present, during which the victim identified Hood as the perpetrator in this offense. Even though Terry Hood was not present at this deposition, he had a right under the Sixth Amendment Confrontation Clause to face his accuser during that testimony. What was the effect of his attorney's waiver? The effect of his attorney's waiver, his waiver, the waiver was ineffectual, Your Honor. Why? Because this is a personal right to the defendant included in the Confrontation Clause. By its plain language, it gives the defendant the right to confront the witnesses against him. This is not something the attorney can do for him, such as conduct cross-examination or other tactical matters. This is a right that can only be executed or exercised by the defendant himself. And there's a series of reasons why this Court should find that that right is personal to the defendant and that a personal waiver is required. Number one, the Court's second most recent decision in Peoples-Selgado is well-reasoned. Let me interrupt you for a second, I'm sorry. Is it an absolute right, the right to confrontation, in all circumstances, in all cases, always? No, the Court has recognized that the U.S. Supreme Court and Illinois Supreme Court have both recognized that this is not a quote-unquote absolute right, but by that they just mean there's a limited, narrow exception for public policy reasons in certain cases. And that exception is not implicated here because there's been no indication by the state that it would have been difficult to get Terry Hood to the hospital. Well, they actually asked the defense counsel if they wanted to bring him in. Exactly. So I think that acts as a concession that there's no public policy reason why Mr. Hood's absence was necessary in this case. Furthermore, with regard to the exception, if this Court looks at Peoples v. Lofton in the Illinois Supreme Court, there the Court decided whether a public policy exception could be applied after the fact, which would be similar to what the state would be arguing here. And the Court said, no, there has to be findings beforehand determining that that narrow exception does apply. So I think the exception issue is kind of a red herring in this case. There's no question that Mr. Hood in this case had a right to confront his accuser. The only question was whether counsel's waiver of that right could effectively waive the right on behalf of the client. Counsel, let's say a defendant's on bail, but the trial is ongoing. The defendant comes into court late on his own. I mean, doesn't call anybody, have no idea, and the cross-examination is preceded by his counsel. Does he have a right then to use that as an excuse? I think in those cases that the general rule is that when the defendant's absence acts as a waiver, as a personal waiver. So in this case where Mr. Hood apparently wasn't even informed, it's not on the record. Well, how do we know? We don't know. But in these types of waiver cases, if it's not in the record, it's presumed not to have occurred. I would look at people to be shrouded in that respect. The difficulty, Mr. O'Toole, I've got with your side of the case here is we're here to set rules that have to apply in all sorts of cases. And if we apply your rule, and we rule the way you want us to rule, what we end up with is the ability of any defense attorney in a criminal trial to sabotage the guilty verdict in a case like this where we have a missing witness by telling the judge, oh, yes, my client is waived. And if the judge isn't jotting on the spot to say, oh, no, I insist that the defendant come in and say it to my face, then we've automatically got an appealable issue, and we have to start over. And the reason the witness was gone in the first place is because the witness was gravely ill, and I think in this case is now deceased, right? I'm not certain about that, but to your point, I think the opposite is true. I think if this Court makes a bright-line rule, then this issue does not become an appealable issue again. The courts will know that rule as they, you know, there's already a rule, to be honest. Rule 414 says the waiver of any right to confront the witness at an evidentiary deposition must be in writing, must be done by both defendant and defense counsel. So in conjunction with Salgado, which appears to have made a bright-line rule in a different type of denial of confrontation waiver issue, if this Court agrees with Salgado, then the rule is clear to trial courts. I don't think courts will miss that. If this Court rules that this waiver was okay, then the law is in flux again. It continues to be an appealable issue, and, you know, there will be uneven use of the waiver. Can we talk about People v. Thompson, which sets out very clearly what specific areas the Supreme Court, I think, said are structural errors in this analysis under second prong? Yeah, well, with regard to second prong plain error, I disagree with the state that Thompson created a rule whereby structural error is the only type of error that can be met at the second prong. I think that was, and if you look at my brief, it doesn't really make much sense because Thompson cited the Glasper for that proposition, but Glasper doesn't contain that proposition. So I don't know what the Court was trying to say there. I think what they're trying to say is that structural errors like second prong constitutional substantial errors, which is the language of the second prong of the plain error rule, are the types of reversible errors. Are there plenty of cases that have cited Thompson for that proposition? Well, it's kind of taking on a form of its own, but I think there's other cases where traditionally non-structural error have been found to meet the second prong of plain error, such as, for instance, sentencing error. So to say that only structural error meets the substantial prong, substantial error prong of the plain error doctrine, wouldn't really jive with prior precedent. So we should ignore Thompson? No, I think you should read Thompson as saying like structural error, substantial errors are automatically reversible. I think also that this error is structural. This affected the framework under which the trial took place. This Court looks to COI v. Iowa, the United States Supreme Court case, that discusses in depth the right to confront witnesses and the need for face-to-face confrontation. It talks about how there's something deep in human nature that regards the meeting of the accuser and the accused in court as essential to a fair trial. And when you talk about structural error, those definitions are the same. Okay, let's talk about Salgado. Does Salgado talk about Thompson at all? Salgado uses what I believe is the traditional plain error analysis, which has been since Progressive O'Haran, you know, the long line of cases where the Court has defined the second prong, including the rule itself, the plain error rule itself, as any substantial error affecting the integrity of the trial. What's the difference between substantial versus structural? I think what the Thompson Court was saying was that, you know, they have the same effect. And I think that it generally is a substantial error has been defined a little more broadly. But I do think that holds as the type of error that is reachable under the second prong of the plain error doctrine. And I would argue that this Court could easily find this type of error structural. This is a proceeding, an evidentiary deposition that's taking place outside the courtroom, outside of the defendant's presence, assuming the waiver was ineffectual, in denial of the defendant's explicit right to face his accuser while he's giving that testimony. And that's the type of, you know, structure in which the trial takes place. Counsel, are you familiar with cases that talk about forfeiture by wrongdoing? Yes. And could this possibly apply here? Well, that wasn't raised. I understand. It wasn't raised below. I think that issue itself would be forfeited by the State. But I also think that forfeiture by wrongdoing applies to the unavailability context. Well, the reason he was unavailable, he had traumatic brain injury or damage because of the hammer to the head. Is that right? Yes. That appeared to be the case. And the question would be, under forfeiture by wrongdoing, whether that blow to the head was done with the intent of depriving the defendant's right to trial. I don't know if that's right, Counsel, as far as the intent aspect. I believe Steckley, people at Steckley found that there has to be the goal of removing the defendant. But other cases have found otherwise, that you don't have to prove intent. Nothing that was certainly cited here, not that I'm aware of. The other aspect with that is that I don't think that forfeiture by wrongdoing would apply in a case where it is still feasible to get the defendant and the witness in the room at the same time. Basically, the rule applies. But he was deemed unavailable by the court. Unavailable from trial, from the courtroom, but not from providing testimony. So you're saying that that so tainted this trial, it removed all possibility of fairness because he wasn't able to be there and supply questions to his lawyer, who was able to cross. And supplying questions to the lawyer is just one small aspect of the right to confront a witness face-to-face. As Corey discusses, the likelihood that a witness will lie to the trier of fact, under the watchful eyes of the defendant, diminishes. The likelihood that he will lie convincingly diminishes if the defendant is in the room. And courts, including Lofton, the Illinois Supreme Court, specifically held that this violation is reversible error. And those were all at trial, though, not on depositions. It generally occurs in trial. But as Rule 414 shows, the right persists in evidentiary depositions. The effect is the same. The testimony has the same effect to the trier of fact. It's just as good as if it was given in the courtroom. And therefore, it should have the same amount of protections. Does the record in this case affirmatively prove whether or not the defendant was, in fact, present at the deposition? Or are we simply assuming he wasn't? Was there a roll call of some sort? Unless he was hiding somewhere in the room, I think the parties agreed that he was not present. The state's attorney brought this issue up, informed the court that it should be a spread of record that she asked if the defendant was going to be there, and that she received a waiver from defense counsel. Actually, she said a waiver from the defense. Then defense counsel clarified, quote, I waived Mr. Hitt's presence for him. Wasn't there a videotape? It was on video, yes. What's some of the other evidence that was offered against the defendant? It wasn't just only this videotape deposition. No, but I contend that that testimony, by the only eyewitness in the case, accusing the defendant of participating in this crime was the crux of the case. There was DNA. The defendant's DNA found. Presumably the defendant couldn't be excluded from DNA and contribute physical evidence in the room. But there was also testimony. Did he make admission to his nephew of some kind? Well, not exactly. He talked about holding a knife to someone's throat. And I think it's a fair inference to say that you could argue that this would be the same incident. But at the same time, it's still hearsay. It's not reliable. It could have been someone trying to intimidate someone into giving him money. The question is, could this error be found harmless beyond a reasonable doubt? The state never argues that it could. And, therefore, as in Lofton, this error should be reversible, either under the substantial rights prong of the Point and Error Doctrine or because, as the Lofton Court says, the defendant's absence denial of this right could have prejudiced him. Should this be sent back for a hearing for the trial court to determine if there was some waiver by the wrongdoing of the defendant? I think that would be adequate. I think if the parties could reconstruct or the judge could find that there was, in fact, a waiver on the record, not necessarily on the record, or maybe there's a written waiver that was never tendered, but that, you know. No, the forfeiture by wrongdoing. Oh, I'm sorry. Whether this was forfeiture by wrongdoing? Right. Well, again, I think there is an intent requirement there. And if there isn't, then certainly this might be a novel issue that could require a rematch. Anything else? Any other questions from the panel? No. Thank you. State? May it please the Court, in this case we have a 69-year-old victim who was beaten over the head with a hammer, his throat slashed. Defendant's DNA was found in the victim's apartment. Defendant was overheard scolding the victim during the attack. Defendant, quote, confessed, I did this. I put a knife to this guy's throat. I beat him, end quote. An evidence deposition of the victim was taken pursuant to court order. Defendant never objected at trial to the evidence deposition on the basis that he was not present. Defendant never raised this issue in his motion for a new trial. This issue was forfeited. In People v. Soap, Segoviano, the Illinois Supreme Court held that a claim of error is forfeited when a party takes an inconsistent position in an earlier proceeding. In fact, at the availability hearing in this case, where the victim was found unavailable to testify, the trial court judge stated, quote, now the issue is whether or not your client would have the opportunity to confront the witness and whether you would have the availability, the opportunity to cross-examine the witness. By way of the evidence deposition, there has been no objection raised to that. So my understanding is that you have the opportunity, end quote. The state made arrangements with the sheriff to bring the defendant to be present at the deposition. Defense counsel waived defendant's presence. Defense counsel fully cross-examined the witness at that deposition. Counsel, I'm sorry. Was there anything in the record if the defendant knew this deposition was pending or knew anything in the record about that at all? Yes, Justice O'Connor. I would say the record as a whole indicates that the defendant also waived his presence. The defendant was in court when the court ordered the evidence deposition. Defendant was present when it was made of record that defendant's presence was waived. As a matter of fact, it was quoted in the state's brief. The assistant state's attorney stated, the defendant's presence was not desired by the defense and therefore I don't believe it's on the record that his presence was waived by them at the evidence deposition. I just want to make sure that that's clear on the record. And that's at the record on S4 and 5. So we know the defendant was in court on that day when the defense counsel waived his presence? Do we know that? The defendant was in court when that was said? No, not on the day of the deposition. And then again, at the availability hearing, no objection was ever made on the basis of the fact that he wasn't present at the evidence deposition. And the defendant was in court at the availability hearing? Correct. And at trial, no objection was made when the evidence deposition was admitted into evidence. Now, Ms. Lustig, let me take this one step further. Sure. You know, this issue sounds a lot like a jury waiver issue or a, you know, the defendant testifying on his own behalf kind of issue. Right. And don't we, you know, refute what attorneys say all the time and say, well, there was no on-the-record jury waiver, so we've got to send this back. Don't we? I would state that a jury waiver is different than a presence at an evidence deposition. And the trial counsel has the ultimate decision with respect to whether and how to cross-examine a witness. And I would say that that's not one of the five decisions that only a defendant can make. Did you say five? Five. Five, okay. You know, what plea to enter, whether to waive a jury trial. I would not put that in that same category. And apparently we're operating, and there's no case law that says this is at number six. Correct. Please, right on point. So I would assert this issue was not properly preserved on appeal. In People v. McClendon, a Fourth District appellate court case, the defendant was absent from an evidence deposition. Defense counsel was there and cross-examined the witness. The Fourth District appellate court held that defendant's right to confrontation was not violated. In People v. Quadrato, the Illinois Supreme Court held face-to-face confrontation is not an absolute right, but sometimes gives way to considerations of public policy or necessities of the case. In this case, this victim was found to be unavailable for trial. I think that's the distinction that is not being made here. For instance, the opposing counsel asked to cite additional authority, and it was People v. Spain. Just so the court can note, in defendant's opening brief, he never mentioned violation of Rule 414. In the reply brief, the defendant conceded he was not basing his claim on violation of Rule 414. And then in the 11th hour, a motion was filed citing additional authority, relying on a case that's almost 20 years old, and where there is no indication of a forfeiture of that issue because it's never discussed in that case. And in that case, the evidence deposition was taken in the absence of both the defendant and defense counsel. So there was absolutely no cross-examination of the witness. I would assert that that case is not applicable to the case at hand. In People v. Z. Obrow, the Illinois Supreme Court held a statute is mandatory if the legislature dictates a particular consequence for failure to comply. Here, there was no particular consequence triggered for failure to comply with Rule 414, and I would assert that Rule 414 is directory. Also, there was no clear error here, and certainly no plain error. Under first-pronged plain error analysis, there was overwhelming evidence against the defendant. The defendant concedes as much in his brief. Defendant's DNA was found in the victim's apartment. There was no mistaken identity here. These men were former roommates. Was there any prior relationship between the defendant and the victim? Yes, they were former roommates. And why wouldn't the DNA? How is the DNA attributable? They had been moved out of each other's rooms for a while, and it was the defendant's blood was found because he used an item to beat him over the head with, and he bled when he did that. So his blood was found in the victim's apartment. Joe Williams, the landlord, was told by a defendant prior to the incident that he was going to harm the victim, and then Joe Williams heard defendant scolding the victim during the attack. And then Byron Williams, who testified at trial, testified that defendant confessed to him that he cut the victim's throat and he would have killed him if Joe Williams had not come home too early. So I would assert that here the evidence deposition was just a small piece of the puzzle. Its admission did not undermine defendant's entire trial and did not amount to structural error. In People v. Thompson, the Illinois Supreme Court listed structural errors as defects affecting the framework within which the defendant's trial proceeded. The list in Thompson is meant to be exhausted. Notably absent from that list of structural defects is a defendant's absence at an evidence deposition. I would assert that defense counsel properly weighed defendant's presence here. No objection was ever made. There was no clear error. There was no plain error. Counsel, can I ask you, when your opposing counsel cites the Salgado, again, there's no analysis in Salgado pursuant to Thompson. Do you think there's a difference there or there's a distinction? In Salgado, there was a minor child who was actually available to testify. And Salgado does not present the special concerns faced when a witness is unavailable like the witness was here. But to the extent that Salgado would stand for the proposition that a confrontation clause violation occurred, it's incorrect because the witness was cross-examined. Therefore, there was no Crawford violation. And I would say that the Salgado court's second-prong plain error analysis was also flawed.  There was no defect affecting the framework within which that particular defendant's trial proceeded. Are there any other questions? No, thank you. Thank you. For these reasons and those enumerated in our brief, we request that this court reject defendant's argument regarding the admission of the evidence deposition. And for all the foregoing reasons, we ask that this court affirm defendant's conviction and sentence for aggravated battery to a senior citizen causing great bodily harm. Thank you. Thank you, Ms. Lustig. Mr. O'Toole, rebuttal. Your Honors, when the State talks about acquiescence, the notion that this suffices is refuted by every confrontation, every waiver case cited in the briefs. Starting with Johnson v. Zerfs where the court held that there's a presumption against waiver of constitutional rights, in that case the defendant represented himself at trial. If there's any more acquiescence than that, I can't think of any. And yet the court reversed because there was no waiver of the right to counsel. That's been how the courts have analyzed the situation. So if, in fact, this argument is correct, that there is required to be an on-the-record waiver, then there has been no either affirmative waiver or acquiescence because the defendant never personally waived the right. Counsel, let me ask you. Your opponent says that the defendant was in the courtroom at some point in time. There were two instances that counsel referred to when the defendant was there when his lawyer made certain representations. Do you recall that? I believe the defendant was present during that discussion about the waiver after the fact. This is after the deposition took place. This is after the purported waiver took place. There's no evidence that the defendant was present when the state's attorney originally came to defense counsel and asked if they would be bringing the defendant to court. At any time was the defendant present with defense counsel when this issue of waiver came up? Sure, yes. Just as in People v. Stroud where the defendant's present for the closed circuit guilty plea and he doesn't object, yet the court finds this is reversible error because there's been a denial given that the defendant never waived the right. In these waiver cases where we're talking about personal substantial rights to the defendant, like the jury trial waiver you discussed earlier, acquiescence is never enough. So the state is inventing out of whole cloth this idea that acquiescence, being present while there's a discussion, equates what the United States Supreme Court has defined as waiver, which is the intentional relinquishment or abandonment of a known right. With regard to McClendon, this is the state's strongest case. They argue it's on point. However, if this court reads McClendon, the entire basis of that analysis is whether that prior testimony was reliable under Ohio v. Roberts. As I pointed out in my reply brief, Ohio v. Roberts is no longer good law. Whether or not the testimony itself is reliable is no longer the question. Post Crawford, the question is whether the mechanism to ensure the reliability of the testimony was in place at the time. And if not, then that itself is a violation regardless of the reliability of the evidence. Counsel, is there any difference in the distinction between available versus unavailable in this analysis? Not in this case. The question in unavailable witness, you know, it's in a sense he's available because they're taking his evidentiary deposition. Whether he's doing it in court or whether he's doing it in the hospital room, the right remains the same. So for purposes of this particular analysis, unavailability is a red herring. It doesn't change anything regarding the right. It doesn't change anything regarding the need for a waiver. And I would point out, again, in Rule 414, which I did not say in my opening brief. In my reply brief, I discussed it at length, and I in fact said that it seems to be essentially a codification of the constitutional right to face-to-face confrontation. The fact that requires a written waiver to be filed with the clerk by the defendant is a good indication of what is required in this case and should inform this Court's analysis. But I would argue waiver or forfeiture is a limitation on the parties, not the Court. And if this Court would like to reach this issue completely under the non-constitutional grounds of Rule 414, it is free to do so. In Spain and in Johnson, which the Court cited, both those cases were found to be reversible under Rule 414. I think the distinguishing factors of Spain were not essential to that analysis. So for those reasons, I ask this Court to reverse the defendant's conviction. Thank you. Thank you. Any other questions? If not, thank you for your presentations. The Court will take the matter under advisement, and court stands adjourned.